UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JAMES M. OVERLY, | : | |
| Plaintiff | : | |
| v. | : | CIVIL NO. 3:CV-14-0163 |
| DIANA WOODSIDE, <u>et al.</u>, | : | (Judge Kosik) |
| Defendants | : | |

# **MEMORANDUM**

The above civil rights action pursuant to 42 U.S.C. § 1983 was filed by James M. Overly, an inmate at the State Correctional Institution at Smithfield, Pennsylvania. He has paid the filing fee in this matter. Named as defendants are Diana Woodside, Policy Director for the Pennsylvania Department of Corrections, Jon Fisher, Superintendent at SCI-Huntingdon, and the Incoming Publication Review Committee[1] ("IPRC"). In the complaint, he claims that his rights under the First Amendment and the Due Process Clause were violated when he was not permitted to have magazines that he ordered and paid for with money withdrawn from his inmate account. Pending is a motion to dismiss filed by the IPRC. (Doc. 10.)

---

[1] Plaintiff incorrectly refers to the committee as the "Inmate Publications Review Committee."

**I.     Background**

Plaintiff claims that after reviewing the DOC's Incoming Publication denial list in July of 2013, he ordered magazines from the publication "SHOW". This publication did not appear on the list and is not known for nudity or obscenity. The list was thereafter updated in August and September of 2013, and "SHOW" magazine still did not appear on the denial list.

The magazines purchased by Plaintiff were older issues, and according to Plaintiff are possessed by other inmates throughout the prison. Plaintiff placed orders on August 5, 2013 and August 12, 2013, totaling $90.40. He states that his order forms were reviewed, approved and processed, and that the money was then deducted from his prison account and sent to the magazine company.

When the magazines arrived at SCI-Smithfield, they were reviewed by the IPRC, and denied for containing nudity, on September 26, 2013. Plaintiff appealed the matter to the Facility Manager and the Secretary's Office of Inmate Grievances and Appeals, but was unsuccessful.

Plaintiff states that the pages of the magazines that the IPRC claims contain nudity do not have nudity. He has verified this by checking those page numbers in the same magazine issues possessed by other inmates at the prison. Following the denial of his grievance and related appeals, Plaintiff claims that the magazines in question were thereafter placed on the December 2013 Publication denial list, never

having appeared on the list prior to that point. Based on the foregoing, Plaintiff claims his rights to free speech and due process of law were violated.

Following service of the complaint, an answer was filed by Defendants Woodside and Fisher. Pending is a motion to dismiss filed by IPRC. Plaintiff did not file an opposition brief to the motion. Rather, he submitted an amended complaint wherein he replaces Defendant IPRC with John Newman, the committee member who reviewed the magazines when they arrived at the prison. The only other change in the amended complaint is the amount his inmate account was charged for the magazines, which Plaintiff now states is $95.35 as opposed to $90.40.

## II. Motion to Dismiss Standard

Defendant IPRC moves to dismiss the complaint pursuant to Fed. R. Civ. P. 12(b)(1) on the basis that the claims stated therein against it are barred by the Eleventh Amendment. Rule 12(b)(1) allows a court to dismiss a complaint based on a lack of subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1). A Rule 12(b)(1) motion is the proper mechanism for raising the issue of whether Eleventh Amendment immunity bars federal jurisdiction. Blanciak v. Allegheny Ludlum Corp., 77 F.3d 690, 694 n.2 (3d Cir. 1996), citing Pennhurst State Sch. & Hosp. v. Halderman, 465 U.S. 89, 98-100, 104 S.Ct. 900, 79 L.Ed.2d 67 (1984)(Eleventh Amendment is a jurisdictional bar which deprives federal courts of subject matter jurisdiction.)

3

### III. Discussion

The Eleventh Amendment provides as follows:

The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any foreign State.

U.S. Const. Amend. XI.

The Eleventh Amendment bars private federal litigation against a state or its agencies. Lombardo v. Pennsylvania, Dep't of Pub. Welfare, 540 F.3d 190, 194-95 (3d Cir. 2008). In limited circumstances, Congress may abrogate this immunity via statute or a state may consent to waive its immunity. Koslow v. Commonwealth of Pennsylvania, 302 F.3d 161, 168 (3d Cir. 2002). Absent express consent by the state in question or a clear and unequivocal waiver by Congress, states are immune from suit in federal court. Seminole Tribe of Fla. v. Florida, 517 U.S. 44, 54 (1996). Further, the Eleventh Amendment's bar extends to ". . . suits brought against departments or agencies of the state having no existence apart from the state." Mt. Healthy City Board of Education v. Doyle, 429 U.S. 274, 280 (1977).

The Pennsylvania Department of Corrections, as a state agency of the Commonwealth of Pennsylvania, is entitled to Eleventh Amendment immunity in the absence of Pennsylvania's consent to be sued. See West v. Varano, No. 1:10-cv-2637, 2013 WL 4607427, *2 (M.D. Pa. Aug. 29, 2013); Lavia v. Pennsylvania Dep't of Corr., 224 F.3d 190, 195 (3d Cir. 2000). Defendant Incoming Publications Review

4

Committee is a subdivision of the DOC and has no existence apart from the state. As such, it is also protected by Eleventh Amendment immunity. See Bey v. Pennsylvania Dept. of Corr., 98 F.Supp.2d 650, 657 (E.D. Pa. 2000)(finding that correctional program review committees are arms of the state since they are run by and through the DOC).

Congress has not abrogated the states immunity in enacting Section 1983 and Pennsylvania has not consented to suit in federal court. As such, Eleventh Amendment immunity bars suit against Defendant IPRC. Moreover, it is well-settled that neither a state nor its agencies are considered a "person" as that term is defined under § 1983 and, therefore, are not subject to § 1983 suit. Hafer v. Melo, 502 U.S. 21, 25-27, 112 S.Ct. 358, 116 L.Ed.2d 301 (1991); Will v. Michigan Dep't of State Police, 491 U.S. 58, 69 (1989). As a subdivision of the DOC, the IPRC is not a person and therefore cannot be sued under § 1983.

For these reasons, Defendant's motion to dismiss will be granted, and IPRC dismissed as a defendant in this action. While the court would normally afford Plaintiff the opportunity to amend his complaint for the purpose of naming any specific individuals responsible for denying him the magazines, such is not necessary in that Plaintiff has submitted a proposed amended complaint in this action. Instead of opposing Defendant's motion to dismiss, Plaintiff submitted an amended complaint basically identical to his original complaint with the exception of: (1) substituting

"John Newman", the individual committee member who withheld the magazines from him, for Defendant IPRC and (2) changing the dollar amount of the cost of the magazines from $90.40 to $95.35.  (Doc. 15.)

As such, the amended complaint will be accepted as the standing complaint in this action, and service will be directed on the newly identified Defendant.[2]  To effect service as expeditiously as possible, the Clerk of Court is specially appointed to serve a copy of the complaint, Notice of Lawsuit and Request to Waive Service of Summons (form AO 398), Waiver of the Service of Summons (form AO 399), and this order on Defendant Newman.  The waiver requests shall inform defendant both of the consequences of compliance and of failure to comply with the requests.  Defendant is permitted 30 days from the date the waiver requests are sent (60 days if addressed outside any judicial district of the United States) to return the signed waivers or electronically file them in the court's Electronic Case Filing (ECF) system.  If a signed waiver is not returned or electronically filed within the required time, an order shall be issued directing the Clerk's office to transmit the summons and a copy of the complaint to the U.S. Marshals Service for immediate service under Fed. R. Civ. P. 4(c)(1).

---

[2] In an attempt to simplify this case going forward, the court will issue a scheduling order with respect to the completion of discovery and the filing of dispositive motions for all defendants following the service of the amended complaint on the newly identified defendant and his filing of a response to the complaint.

It is Plaintiff's responsibility to provide a complete name and address for defendant so that the court can effect service. At this time, service will be attempted on the defendant at the address Plaintiff has listed for him in the complaint. However, if the Clerk of Court cannot properly mail the complaint, Notice of Lawsuit and Request to Waive Service of Summons, and Waiver of the Service of Summons to Defendant Newman due to Plaintiff's failure to properly name him or provide an accurate mailing address, Plaintiff will be required to correct this deficiency.

In that event, it will be the Plaintiff's responsibility to provide the Clerk's Office with the completed Notice of Waiver of Summons, Waiver of Summons, and Process Receipt and Return (form USM 285) form for defendant. If Plaintiff does not have copies of these forms to prepare one for defendant, he may obtain additional forms from the Clerk of Court. On the form, Plaintiff must give the full name and complete address of defendant. If Plaintiff fails to give the Clerk's Office correct instructions for mailing to defendant, Plaintiff's claims against defendant may be dismissed pursuant to Fed. R. Civ. P. 4(m).

Plaintiff is also advised that no defendant is required to respond to the complaint until he or she: (1) has waived service; or (2) has been served with a summons and the complaint pursuant to Fed. R. Civ. P. 4, if the defendant has not waived service. Further, any motion for default cannot be filed unless the defendant has failed to file an answer, a motion to dismiss, or a motion for additional time to

respond to the complaint within sixty (60) days after the Notice of Lawsuit and Request to Waive Service of Summons has been mailed (if service is waived pursuant to the written notice) or twenty-one (21) days after being served the summons and complaint by the United States Marshals Service (which will be completed only for those defendants who do not waive service).

     Plaintiff is also advised that he is responsible for notifying the Clerk's Office of any change of address throughout the course of this litigation. Failure to do so may result in the dismissal of Plaintiff's action for failure to prosecute if the court and other parties are unable to serve pleadings, orders or otherwise communicate with Plaintiff. An appropriate order follows.